PD-1067-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/12/2015 4:32:57 PM
Accepted 11/13/2015 12:25:07 PM
ABEL ACOSTA
CLERK

No. PD-1067-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte James Richard "Rick" Perry

Appeal from Travis County

\* \* \* \* \*

**STATE'S RESPONSE TO APPELLANT'S BRIEF ON THE MERITS
ADDRESSING THE STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

# INDEX OF AUTHORITIES

## Cases

*Virginia v. Black*, 538 U.S. 343 (2003)... . . . . . . . . . . . . . . . . . . . . . . . . . . . 5n

*Nevada Commission on Ethics v. Carrigan*, 131 S. Ct. 2343 (2011)... . . . . . . . . . . . 4

*N.A.A.C.P. v. Claiborne Hardware Co.,* 458 U.S. 886 (1982). . . . . . . . . . . . . . . 6, 7

*Ex parte Fornier*, __S.W.3d__, No. WR-82,103-01
    (Tex. Crim. App. 2015)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Johnson*, __S.W.3d ___, No. PD-0228-14 (Tex. Crim. App. 2015). . . . . . 2

*Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971). . . . . . . . . . . . . 6, 7

*Ex parte Lo*, 434 S.W.3d 10 (Tex. Crim. App. 2013)... . . . . . . . . . . . . . . . . . . 2, 3

*New York State Club Association v. City of New York*, 487 U.S. 1 (1988). . . . . . 2n

*R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992). . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

*Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015). . . . . . . . . . . . . . . . . . . . . . . . 2n

*United States v. Stevens*, 559 U.S. 460 (2010). . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Members of City Council of Los Angeles v.*
    *Taxpayers for Vincent*, 466 U.S. 789 (1984)... . . . . . . . . . . . . . . . . . . . . . . 2n

*Thomas v. Collins*, 323 U.S. 526 (1945)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Washington State Grange v. Washington State Republican Party*,
    552 U.S. 442 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2n

*Watts v. United States*, 394 U.S. 705 (1969)... . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Williams*, 553 U.S. 285 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Codes**

TEX. PENAL CODE §1.07(a)(9)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Other**

http://www.supremecourt.gov/oral_arguments
    /argument_transcripts/07-869.pdf. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2n

No. PD-1067-15


TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


Ex parte James Richard "Rick" Perry


\* \* \* \* \*

**STATE'S RESPONSE TO APPELLANT'S BRIEF ON THE MERITS
ADDRESSING THE STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her Response to Appellant's Brief on the Merits Addressing the State's Petition for Discretionary review.

**Overbreadth Test**

While the text of the First Amendment is straightforward, the caselaw and doctrines applying it are not.[1] Appellant's overbreadth analysis includes components

---

[1]Even Supreme Court justices grapple with First Amendment issues. During a 2008 oral argument, Justice Breyer admitted having a "deep misunderstanding of the

1

of the test for a facial challenge. *See* Appellant's Brief on the Merits Addressing the

State's Petition for Discretionary Review at 19-20, 31-35 (arguing the statute is

content-based, presumptively invalid, and not narrowly tailored).[2] He contends this

is a proper overbreadth analysis under *United States v. Stevens*, 559 U.S. 460 (2010);

*R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992); and *Ex parte Lo,* 434 S.W.3d 10 (Tex.

Crim. App. 2013). Caselaw from both the Supreme Court and this Court have been

unclear and inconsistent.

*Ex parte Lo* misplaced the burden of proof and conflated the test for facial

unconstitutionality with the standard for First Amendment overbreadth. 434 S.W.3d

at 14, 24. In *State v. Johnson*, __S.W.3d ___, No. PD-0228-14 (Tex. Crim. App.

---

content-based test." *Ysura v. Pocatello Education Association*, No. 07-869, Oral Argument Transcript, at 32, Found at http://www.supremecourt.gov/oral_arguments/argument_transcripts/07-869.pdf "I know it's all over the law, but I've never understood it." *Id*. Shortly after Justice Breyer's comment, Chief Justice Roberts stated, "Since we are in confessional mode, I've never understood forum analysis." *Id*. at 33.

[2] A typical First Amendment challenge to the facial constitutionality of a statute claims that the statute is unconstitutional in all of its applications. *New York State Club Association v. City of New York*, 487 U.S. 1, 11 (1988); *Members of City Council v. Taxpayers for Vincent*, 466 U.S.789, 797-98 (1984). Therefore, it has no "legitimate sweep." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008). If the restriction on speech is content-based, strict scrutiny applies, *i.e.,* the burden is on the State to show the statute is narrowly tailored to achieve a compelling governmental interest. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2231 (2015).

2015), this Court recited the correct test and properly placed the burden on the defendant to prove overbreadth. Slip op. at 6. But since *Johnson*, the Court has recited a portion of *Ex parte Lo*'s faulty overbreadth analysis. *See Ex parte Fornier*, __S.W.3d__, No. WR-82,103-01, Slip op. at 2 (Tex. Crim. App. 2015) ("Although the State had a compelling interest in protecting children from sexual predators, § 33.021(b) was not narrowly drawn "because there are narrower means of achieving the State interests advanced here, at least some of which are already covered by other statutes.").[3] Unfortunately, this Court has not acknowledged or disavowed *Ex parte Lo*'s faulty analysis. Until it does, that analysis will continue to confound the bench and bar.

Contrary to Appellant's argument, in an overbreadth analysis, whether the statute is content-based is not relevant. That is because content-based restrictions on speech are permitted for a "few historic and traditional categories of expression long

---

[3]Judge Yeary's dissenting opinion explicitly distinguished the two doctrines, stating, "I believe it important to recognize that the ordinary rule—requiring that a litigant challenging a legislative enactment as unconstitutional on its face 'must establish that no set of circumstances exists under which the [challenged statute] would be valid[,]'—does not apply to First Amendment overbreadth challenges. A penal provision does not have to be unconstitutional in all of its applications in order for an appellate court to declare it facially unconstitutional under the First Amendment's overbreadth doctrine." *Id.* Slip op. at 4 (Yeary, J., dissenting) (citation omitted, bracketed material in original).

familiar to the bar." *Stevens*, 559 U.S. at 468. These restrictions do not "abridg[e] the freedom of speech" within the meaning of the First Amendment because similar laws existed at the time it was ratified. *Nevada Commission on Ethics v. Carrigan*, 131 S.Ct. 2343, 2348 (2011). These categories of speech, including "fighting words," are deemed "constitutionally proscribable" even though they are not content-neutral. *R.A.V.*, 505 U.S. at 382, 383-84, 387 ("Even the prohibition against content discrimination that we assert the First Amendment requires is not absolute. It applies differently in the context of proscribable speech than in the area of fully protected speech.").

Content-based restrictions on proscribable speech can violate the First Amendment if written in such a way that they also criminalize a substantial amount of speech that is not proscribable. This is the First Amendment overbreadth test. As an example, a statute that forbids both "fighting words" and speech that is "mean or hurtful" restricts both proscribable and non-proscribable speech. If the restriction on non-proscribable speech is substantial and creates a realistic risk of chilling protected speech, it is susceptible to an overbreadth determination.

In addition to being overbroad, a content-based restriction that is limited to only proscribable speech can violate the First Amendment if the restriction is not viewpoint neutral. In *R.A.V.*, the Court overturned a ban on placing a "burning cross

4

or Nazi swastika," known to "arouse anger, alarm or resentment in others on the basis of race, color, creed, religion or gender." 404 U.S. at 381. Even though the statute was clearly aimed at "fighting words" it disfavored a particular viewpoint. *Id*. at 386-87. In that sense, the statute was too narrow.[4]  But *R.A.V.* was not an overbreadth case.[5]  And the issue before this Court in the State's petition is limited to overbreadth. Regardless, the statute in this case passes muster under the *R.A.V.* formulation because it is viewpoint neutral.

The coercion of a public servant statute criminalizes coercive threats. Even though such threats are expressive, the statute is aimed more at conduct than at speech. *See R.A.V.*, 404 U.S. at 389 ("Words can in some circumstances violate laws directed not against speech but against conduct (a law against treason, for example, is violated by telling the enemy the Nation's defense secrets.")). And its restriction is viewpoint-neutral because it does not favor a particular position. The statute bans

---

[4]The Court later upheld a statute forbidding cross-burning with intent to intimidate that did not refer to race, color, creed, religion or gender. *Virginia v. Black*, 538 U.S. 343, 362-63 (2003).

[5]The lower court held that the statue was not overbroad because it addressed only fighting words–speech that is not protected by the First Amendment. 505 U.S. at 380-81. It also held that the ordinance was not impermissibly content-based because it was narrowly tailored to accomplish a compelling state interest. *Id.* at 381. The Supreme Court granted *certiorari* on the overbreadth question, but the majority, in addressing whether the ordinance was viewpoint-discriminatory, acknowledged that the question did not involve "a technical 'overbreadth' claim." *Id*. at n. 3.

coercive threats regardless of the philosophical, political, religious, or social bent of the coercer or the action he is attempting to influence. It is only the mode of communication that is restricted. "The reason why fighting words are categorically excluded from the protection of the First Amendment is not that their content communicates any particular idea, but that their content embodies a particularly intolerable (and socially unnecessary) mode of expressing whatever idea the speaker wishes to convey." *Id*. at 393.

To determine the constitutionality of a statute, it is necessary to fully construe it. But whether it: 1) regulates speech vs. conduct, 2) is content-based, or 3) is viewpoint-neutral does not otherwise affect the overbreadth calculus. Overbreadth involves a simple weighing of protected and unprotected expression. Only when a statute is challenged for having no permissible applications under the First Amendment, *i.e.*, a typical facial unconstitutional claim, does "strict scrutiny," "compelling interest," and "least restrictive means" become relevant.

**Merits**

Appellant cites *N.A.A.C.P. v. Claiborne Hardware Co.,* 458 U.S. 886 (1982), and *Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971), in support of his claim that coercive speech is not proscribable. Appellant's Brief on the Merits Addressing the State's Petition for Discretionary Review at 23-24, 37. However,

6

these cases dealt with citizens picketing or leafleting against businesses – speech that the Court determined was protected despite its coercive nature. *Claibourne Hardware Co.*, 458 U.S. at 910; *Keefe*, 402 U.S. at 419. The Supreme Court did not hold that all coercive speech is protected by the First Amendment. In fact, in a different context, it has recognized a constitutional limit on an employer's right to use coercive speech to persuade his employees with regard to union membership. *Thomas v. Collins*, 323 U.S. 526, 537-38 (1945). Furthermore, the type of coercion at issue in this case is very specific, "a threat, however communicated, to take or withhold action as a public servant..." TEX. PENAL CODE §1.07(a)(9)(F).

Appellant also contends that the threats forbidden by the coercion statute are not "true threats" under *Watts v. United States*, 394 U.S. 705 (1969), and thus do not survive First Amendment scrutiny. Appellant's Brief on the Merits Addressing the State's Petition for Discretionary Review at 23, 36. *Watts* is not controlling. Watts was charged with threatening to kill the President of the United States. Unlike the offense in *Watts*, the coercion of a public servant statute does not attempt to prosecute the threat alone. Rather, it criminalizes the use of a threat as a means of influencing a public servant in the exercise of a specific duty. The threat is merely an element – not a stand-alone offense.

Appellant's brief includes hypotheticals covered by the statute, which he

7

contends would be constitutionally protected. Appellant's Brief on the Merits Addressing the State's Petition for Discretionary Review at 40. Some of these were incorporated into the court of appeals' opinion and addressed in the State's brief.[6] But even if some of these hypotheticals are covered by the statute, any potential for a realistic chilling effect is belied by the absence of evidence that this type of conduct has ever been prosecuted. *See United States v. Williams*, 553 U.S. 285, 302 (2008) (because there had been no prosecutions for the hypotheticals posed, "[w]e can hardly say, therefore, that there is a 'realistic danger' that [the statute] will deter such activity.").

Finally, Appellant's vagueness argument[7] is not properly before the Court because the court of appeals did not address it and Appellants' PDR did not raise it. If this Court rules in the State's favor on overbreadth, it can remand for the court of appeals to address vagueness.

---

[6]*See* State's Brief on the Merits of the States Petition for Discretionary Review at 13-14.

[7]Appellant's Brief on the Merits Addressing the State's Petition for Discretionary Review at 46-52.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that this Court reverse that part of the decision of the court of appeals holding TEX. PENAL CODE § 36.03(a)(1), incorporating TEX. PENAL CODE §1.07(a)(9)(F), unconstitutionally overbroad and otherwise affirm its decision.

Respectfully submitted,


/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that according to the WordPerfect word count tool, this document contains 2250 words.

<u>/s/ LISA C. McMINN</u>
LISA C. McMINN
State Prosecuting Attorney

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 12th day of November 2015, the State's

Response to Appellant's Brief on the Merits Addressing the State's Petition for

Discretionary Review was served via certified electronic service provider to:

Anthony G. Buzbee
Tbuzbee@txattorneys.com

David L. Botsford
dbotsford@aol.com

Thomas R. Phillips
tom.phillips@bakerbotts.com

Michael McCrum
michael@McCrumlaw.com

David Gonzalez
david@sg-llp.com

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney